**Kimco Leasing Company v. Lake Hortonia Properties d/b/a The New You Fitness Center, Beverly S. Ellis, Ray R. Ellis, June May Camera and Jean Henska, Jointly As Individuals**

[640 A.2d 18]

No. 92-519

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 27, 1993

Motion for Reargument Denied March 8, 1994

*Matthew F. Valerio* of *Abatiell & Wysolmerski*, Rutland, for Plaintiff-Appellee.

*Carolyn Brown Anderson* of *Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Defendants-Appellants.

**Gibson, J.** Defendants Lake Hortonia Properties d/b/a The New You Fitness Center and its guarantors appeal from a judgment for $33,987.61, plus costs and attorney's fees, in favor of plaintiff Kimco Leasing Company, which had sued to recover monies due under the terms of an equipment lease agreement. In defense, defendants asserted that plaintiff had breached implied warranties of merchantability and fitness for a particular purpose under Article 2 of the Uniform Commercial Code (UCC) because the equipment was defective. The court held that plaintiff was not the seller of the equipment, but rather the financier of defendants' purchase, and therefore, breach of warranty was not a defense to this action. We affirm.

The Fitness Center, a Vermont corporation, acquired toning tables and a sun room from Sun America Corporation through Sun America's offices in Florida. Sun America arranged for Kimco Leasing Company, an Indiana corporation, to finance the transaction. Kimco purchased the equipment and then "leased" it to the Fitness Center. The lease agreement gave the Fitness Center an option to purchase the equipment at the end of the lease for about ten percent of the original purchase price. Sun America shipped the equipment directly to the Fitness Center.

The equipment did not work properly when it was first delivered, and Sun America sent mechanics to Vermont to fix it. Despite repeated attempts to make repairs, the equipment continued to have problems that impeded its full use and enjoyment. Because the Fitness Center was dissatisfied with the

equipment, it eventually stopped making payments to Kimco. Kimco served a notice of default and then brought this action. The court ruled that Kimco was the financing party, not the vendor, and therefore, breach of warranty could not be asserted as a defense to the action. The Fitness Center and its guarantors appeal.

■ Initially, we note that the lease agreement provides that it shall be governed by Indiana law. Provided the state chosen has a reasonable relation to the transaction, the parties may agree that the law of that state shall govern their agreement. See 9A V.S.A. § 1–105(1). The Fitness Center and its guarantors do not dispute the applicability of Indiana law, but argue that they are entitled to judgment as a matter of law under either Vermont or Indiana law. Kimco maintains that Indiana law applies, as provided in the agreement. Absent any dispute to the contrary, we agree and therefore apply Indiana law.

The Fitness Center and its guarantors argue that (1) the lease of equipment was actually a sale of goods and is therefore subject to Article 2 of the UCC; (2) the implied warranties of merchantability and fitness for a particular purpose, see Ind. Code Ann. §§ 26-1-2-314, 26-1-2-315 (Burns 1992), applied to this sale because Kimco, or Kimco's agent Sun America, was a merchant with respect to the equipment; (3) the warranty disclaimers in the lease agreement were ineffective, see Ind. Code Ann. § 26-1-2-316 (Burns 1992); and (4) Kimco breached the implied warranties. Kimco does not dispute that the Fitness Center actually purchased the equipment but argues that (1) the lease agreement was intended as security for a debt and therefore Article 2 does not apply, see Ind. Code Ann. § 26-1-2-102 (Burns 1992); (2) no agency relationship exists between Sun America and Kimco; and (3) Kimco properly disclaimed the implied warranties in the lease agreement.

■ We do not decide whether the transaction constitutes a sale-and-security agreement or a true lease because the implied warranties of Article 2 are not applicable under either theory advanced by the Fitness Center. Section 26-1-2-315 provides:

> Where the seller at the time of contracting has reason to know any particular purpose of which the goods are required *and that the buyer is relying on the seller's skill or*

*judgment to select or furnish suitable goods*, there is, unless excluded or modified under IC 26-1-2-316, an implied warranty that the good shall be fit for such purpose. (Emphasis added.)

Kimco did not select the equipment that the Fitness Center purchased; rather, the equipment was selected by officers of the Fitness Center. Since the Fitness Center did not rely on Kimco's judgment in selecting suitable goods, there was no implied warranty of fitness for a particular purpose on the part of Kimco. Cf. *Pacific American Leasing Corp. v. S.P.E. Bldg. Sys.*, 730 P.2d 273, 279 (Ariz. Ct. App. 1986) (lessor did not warrant goods for particular purpose when lessee/buyer selected goods and told lessor "exactly what to buy"); *All-States Leasing Co. v. Bass*, 538 P.2d 1177, 1183 (Idaho 1975) (lessor did not warrant equipment for particular purpose where lessee inspected it and selected it based on manufacturer's literature and statements made by manufacturer's salesperson); *Miller Auto Leasing Co. v. Weinstein*, 461 A.2d 174, 177 (N.J. Super. Ct. Law Div. 1983) (no implied warranties arise against lessor "who has no function in the transaction other than to supply the capital, and upon whose skill and judgment the lessee did not rely"); *All-States Leasing Co. v. Ochs*, 600 P.2d 899, 909 (Or. Ct. App. 1979) (lessee did not rely on lessor's judgment as to suitability of goods; therefore lessor did not warrant goods for particular purpose); *World Wide Lease, Inc. v. Grobschmit*, 586 P.2d 889, 893 (Wash. Ct. App. 1978) (supplier, not lessor/financier, owed lessee implied warranty of fitness for particular purpose where lessee relied on supplier's selection of equipment).

■ Similarly, the implied warranty of merchantability does not apply. Section 26-1-2-314(1) provides in part that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." A "merchant" is defined as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction" or to whom such knowledge or skill may be attributed under principles of agency. Ind. Code Ann. § 26-1-2-104(1) (Burns 1992). The official comment to this section states that the implied warranty of

merchantability, which applies only when the seller is a merchant with respect to goods of that kind, "requires a professional status as to particular kinds of goods."

■ The Fitness Center and its guarantors contend that Kimco is a merchant of the equipment at issue because during the past seven years Kimco entered into 275 lease agreements for Sun America equipment and purchased over $3,000,000 worth of equipment, which amounted to eight percent of Kimco's business. These facts are insufficient to establish Kimco as a merchant of Sun America equipment, however. Kimco does not manufacture, repair, or store the equipment, or make any representations that it has any expertise regarding the equipment. Under such circumstances, it cannot be considered a merchant for purposes of the implied warranty of merchantability. See *All-States Leasing Co. v. Ochs*, 600 P.2d at 910 (lessor/financier is not merchant as to particular kinds of goods where no evidence indicated it had any expertise with respect to equipment); *All-States Leasing Co. v. Bass*, 538 P.2d at 1184–85 (lessor who handled between forty and fifty transactions concerning car-wash system over six- to eight-month period was not merchant for purposes of UCC implied warranty of merchantability).

■■ Alternatively, the Fitness Center argues that the implied warranty of merchantability applies because Kimco used Sun America as its agent in the sale of goods. An agency relationship results when one party consents to another party acting as its agent. *Swanson v. Wabash College*, 504 N.E.2d 327, 331 (Ind. Ct. App. 1987). The agent must also "acquiesce to the arrangement and be subject to the principal's control." *Id.* An apparent agency is initiated by the manifestation of the principal to a third party, who reasonably believes that the other individual is the agent. *Id.* at 332. Statements of the agent are insufficient to create an apparent agency relationship. *Id.*

The Fitness Center failed to produce evidence sufficient to establish an agency relationship between Kimco and Sun America. There was no evidence suggesting that Kimco had consented to Sun America acting as its agent, nor was there any evidence tending to show that Sun America had acquiesced to Kimco's control. Finally, there was no evidence of communica-

tions from Kimco to the Fitness Center that would reasonably lead the Fitness Center to believe that Sun America was Kimco's agent.

In *CIT Financial Services, Inc. v. Gott*, 615 P.2d 774 (Kan. Ct. App. 1980), the buyer/lessee also asserted that the dealer who sold it allegedly defective office equipment was an agent of the financier/lessor. The Kansas Court of Appeals found no evidence tending to prove an agency relationship. *Id.* at 779. The court stated:

> [W]e find nothing in this record to indicate that [the financier/lessor] exercised any control whatsoever over the business affairs of [the dealer] or had any voice in setting the policies and standards to be followed by [the dealer] beyond apprising that company that, if its customers wanted to finance a purchase from [the dealer] with funds provided by [the financier/lessor], certain forms and instruments were to be completed in a particular manner and submitted, after which [the financier/lessor] would make the decision as to whether to provide funds for that purpose. [The dealer] did not have authority to bind the [financier/lessor] in any transaction nor were [the dealer's] customers required to purchase on terms dictated by [the financier/lessor].

*Id.* The facts in the instant case are similar, and we agree that they are insufficient to establish an agency relationship.

This issue has also been considered by the federal court of appeals for the Third Circuit.

> Nor have we found a case from any jurisdiction where U.C.C. buyer's remedies have been enforced on behalf of a nominal lessee who will ultimately acquire ownership of the leased property and against a finance lessor who had no connection with the lessee's choice of equipment to be leased and who had no relationship by agency or assignment with the actual supplier of the equipment. On the contrary, courts have held that in such situations a buyer/lessee's remedy is properly against the actual supplier.

*General Elec. Credit Corp. v. Ger-Beck Mach. Co.*, 806 F.2d 1207, 1210 (3d Cir. 1986); see also *Briscoe's Foodland, Inc. v. Capital Assocs.*, 502 So. 2d 619, 622 (Miss. 1986) (financing les-

sor did not manufacture equipment and was not sufficiently like seller so as to impose Article 2 warranties); *Coastal Leasing Corp. v. O'Neal*, 405 S.E.2d 208, 209 (N.C. Ct. App. 1991) (allowing lessee to cross-claim against supplier for breach of warranty where judgment was entered for lessor on equipment lease). We find no reason to believe the Indiana Supreme Court would hold otherwise.

With respect to the agency argument, the Fitness Center relies on *Thompson Farms, Inc. v. Corno Feed Prods.*, 366 N.E.2d 3, 12 (Ind. Ct. App. 1977), in which the court concluded "that the only reasonable interpretation of the evidence supports the finding of implied agency." We distinguish that case because the defendants therein produced uncontradicted evidence that the financier authorized the alleged agent to market the financier's hog marketing plan, that the alleged agent consented to represent the financier and promote its feed products, and that the financier's sales representative actively participated in the sales presentations to the defendant regarding the plan. The facts of this case are quite different.

The Fitness Center also relies on *Lectro Management, Inc. v. Freeman, Everett & Co.*, 135 Vt. 213, 373 A.2d 544 (1977), which is factually almost indistinguishable from the instant case. In *Lectro Management*, however, the Court never addressed the issue of agency. It concluded that, even if the defendant established agency, the warranty disclaimers in the lease agreement were valid and enforceable. *Id.* at 216, 373 A.2d at 546. Thus, *Lectro Management* does not support the argument that Article 2's implied warranties may be enforced against a financing lessor who did not select the equipment and who had no agency relationship with the supplier of the equipment.[*]

---

[*] We note that had defendants relied on "revocation of acceptance," Ind. Code Ann. § 26-1-2-608 (Burns 1992), rather than on breach of implied warranties as their defense to plaintiff's claim, the result here may well have been different. See *General Elec. Credit Corp. v. Ger-Beck Mach. Co.*, 806 F.2d 1207, 1215 (3d Cir. 1986) (Becker, J., dissenting) (examining difference between remedies of breach of implied warranty and revocation of acceptance and stating, "[u]nlike an implied warranty of merchantability, the remedy of revocation of acceptance is available against all sellers, not just merchants").

Finally, the Fitness Center and its guarantors argue that the court erred in failing to grant their motion for summary judgment because, based on the undisputed facts, they were entitled to judgment as a matter of law. We agree that the relevant facts were undisputed but, for the reasons stated above, defendants were not entitled to summary judgment.

*Affirmed.*